IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Edward Lee Pennington,<br><br>        Petitioner,<br><br>v.<br><br>Robert M. Stevenson, III, Warden<br>Broad River Corr. Inst.,<br><br>        Respondent. | Civil Action No.:2:11-2274-JFA-BHH<br><br>**REPORT AND RECOMMENDATION**<br>  **OF MAGISTRATE JUDGE** |

   The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 15; see also Dkt. No. 14.)

   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

   The Petitioner brought this habeas action on or about August 23, 2011. (Dkt. No. 1.) On November 9, 2011, the Respondent moved for summary judgment (Dkt. No. 15; see also Dkt. No. 14.) By order filed November 10, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 16.) Petitioner filed his Response in Opposition on or about December 5, 2011. (See Dkt. No. 18.)

## PROCEDURAL HISTORY

   The Petitioner is currently confined at the Broad River Correctional Institution ("BRCI"). In March of 2005, a Cherokee County Grand Jury indicted Petitioner for Burglary,

First Degree (2005-GS-11-184). (App. at 280-81.)[1] Petitioner was represented by Thomas E. Shealy, Esquire. (Dkt. No. 14-1 at 3 of 316.) A jury trial was held on July 18-19, 2005, before the Honorable J. Derham Cole. (See Dkt. No. 14-1.) On July 19, 2005, the jury convicted Petitioner of Burglary, First Degree. (Dkt. No. 14-1 at 210 of 316.) Judge Cole sentenced Petitioner to twenty-five years of incarceration. (Dkt. No. 14-1 at 213 of 316.)

Petitioner appealed and was represented on appeal by Joseph L. Savitz, III, Esquire, of the South Carolina Commission on Indigent Defense. (Dkt. No. 14-1 at 288 of 316; Dkt. No. 14-2.) In his Final Brief, appellate counsel argued that the "trial judge committed reversible error by failing to instruct the jury on accessory after the fact, after the jury specifically asked about that offense during their deliberations." (Dkt. No. 14-1 at 291 of 316.)

On May 11, 2007, the South Carolina Court of Appeals issued an unpublished per curiam opinion affirming Petitioner's conviction. (See Dkt. No. 14-1 at 315-16 of 316.)[2] The Court of Appeals issued the remittitur on May 30, 2007. (See Dkt. No. 14-3.)

On or about June 19, 2007, Petitioner filed an application for post-conviction relief ("PCR"). (See Dkt. No. 14-1 at 215-20 of 316.) In "Issue A," Petitioner contended that his trial counsel was ineffective because (a) counsel "did not even excert [sic] an effort to state any grounds for his Directed Verdict Motion," even though there was a flaw in the indictment, the Petitioner's "and co-defendant's statements alleged conflicting stories," and Petitioner did not testify at trial; (b) counsel did not call any witnesses, presented no evidence, and "did not request any lesser included offenses in [sic] the applicant's behalf at trial"; and (c) counsel "made no objections or took no exceptions to the Court's charge or recharge to the jury on the Hands of One, Hands of All theory and did not request any

---

[1]Although he was originally indicted for Accessory After the Fact, that charge was *nol prossed*, and Petitioner was indicted for Burglary, First Degree. (App. at 275.)

[2]See State v. Pennington, Unpublished Opinion No. 2007-UP-212 (S.C. Ct. App. May 11, 2007).

additions to the charge." (Dkt. No. 14-1 at 230 of 316.) In "Issue B," Petitioner argued that counsel was ineffective in failing to object to the State's bolstering of its case in closing arguments. (Dkt. No. 14-1 at 232 of 316.) As his third ground for relief, Petitioner contended his Fourteenth Amendment rights had been violated pursuant to the "cumulative affect doctrine." (Dkt. No. 14-1 at 235 of 316.) Finally, Petitioner claimed he was entitled to relief because his "Sixth Amendment Rights [were] violated by the State's plea deal with the co-defendant in exchange for his testimony." (Dkt. No. 14-1 at 236 of 316.)

On November 5, 2007, an evidentiary hearing was held before the Honorable Roger L. Couch. (Dkt. No. 14-1 at 245-75 of 316.) Petitioner was present and represented by Kenneth P. Shabel, Esquire. (Dkt. No. 14-1 at 245 of 316.) In an order filed May 8, 2008, Judge Couch denied the application for post-conviction relief and dismissed the petition. (See Dkt. No. 14-1 at 270-81 of 316.)

On February 1, 2010, M. Celia Robinson, Esquire, of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari on behalf of Petitioner. (See Dkt. No. 14-5.) Petitioner raised the following issue therein:

> Did the PCR judge err in finding that trial counsel was not ineffective in failing to request that the trial judge issue a thorough and explicit charge on the law of the offense of accessory after the fact and further err in not requesting that the judge charge the jury that it could find petitioner guilty of accessory after the fact?

(Dkt. No. 14-5 at 3 of 12.)

The Supreme Court of South Carolina entered an order denying the petition on June 23, 2011. (Dkt. No. 14-7.) The matter was remitted to the lower court on July 11, 2011. (Dkt. No. 14-8.)

The Petitioner then filed the instant habeas action raising the following grounds for review (verbatim):

**Ground One**:

3

**Supporting Facts**: The trial judge committed reversible error by failing to instruct the jury on accessory after the fact, since the jury specifically asked about that offense during their deliberations.

**Ground Two:**
**Supporting Facts**: Did the PCR judge err in finding that trial counsel was not ineffective in failing to request that the trial judge issue a thorough and explicit charge on the law of the offense of accessory after the fact and further err in not requesting that the judge charge the jury that it could find petitioner guilty of accessory after the fact?

**Ground Three**:
**Supporting Facts**: Sixth and Fourteenth Amendment violation.

(Dkt. No. 1.)[3]

---

[3]Petitioner previously filed a § 2254 petition challenging this conviction on or about August 5, 2010. See Pennington v. Stevenson, C/A No. 8:10-2068-JFA-BHH. On March 21, 2011, that action was dismissed without prejudice because an appeal of the denial of his application for post-conviction relief was pending before the South Carolina Courts. (See Dkt. No. 23 in C/A No. 8:10-2068-JFA-BHH.) In that petition, Petitioner sought relief on the following grounds (verbatim):

**Ground One**: Ineffective of trial [sic] counsel
**Supporting Facts**: The judge charged the jury with the HANDS OF ONE HANDS OF ALL trial attorney didn't object to the indictment for burglary as to an essential element being used at trial against applicant not cited within the indictment found by grand jury he was also awae [sic] of the fact that the applicant's and co-defendant's statements alleged conflicting stories, and the fact applicant did not testify at trial.

**Ground Two**: Defense counsel ineffective in failing to the state's bolstering of its case in closing summations.
**Supporting Facts**: In final Summations, the state bolstered Mr. Smith's testimony simply put state bolstered it's case inappropriate means which shifted the burden of proof, when the state could not established guilt by any other means at trial. This bolstering by the state was highly inflammatory and inherently prejudicial. Further it was improper and impermissible.

**Ground Three**: FOURTEENTH AMENDMENT VIOLATION
**Supporting Facts**: Based upon the culmulative [sic] legal errors made by defense counsel at trial and the resulting prejudice to the applicant at trial at trial [sic] from those errors; the FOURTEENTH AMENDMENT'S CULMULATIVE [sic] AFFECT DOCTRINE was triggered and the applicant is therefore entitled to reversal for new trial before a different Circuit JUDGE in this particular case.

**Ground Four**: SIXTH AMENDMENT VIOLATION
**Supporting Facts**: The applicant rights violated by the state making a plea deal with the co-defendant but holding off on sentencing him until he testified

**APPLICABLE LAW**

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

against the applicant. The co-defendant plea deal was for 2nd burglary. Applicant right violated by the fact held off on the sentencing of the co-defendant until after he testified.
(Dkt. No. 1 in C/A No. 8:10-2068-JFA-BHH.)

> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410.

**Exhaustion and Procedural Bar**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

6

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 201; SCAR 207; SCAR 208; Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for PCR. S.C. CODE ANN. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. CODE ANN. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. CODE ANN. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court

7

through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977); Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983).

### B. Procedural Bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

8

If a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. Murray v. Carrier, 477 U.S. 478, 496 (1986).

### C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997)(citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996)).

### D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of a particular claim, or show interference by state officials. Id.

9

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

## DISCUSSION

Respondent moved for summary judgment on all of Petitioner's grounds for relief. (See Dkt. No. 15; Dkt. No. 14.) The undersigned will address all of Petitioner's grounds in turn.

**A. Ground One and Ground Two**

As noted above, in Ground One, Petitioner claims the trial judge "committed reversible error by failing to instruct the jury on accessory after the fact, since the jury specifically asked about that offense during their deliberations." (Dkt. No. 1 at 5 of 17.) Respondent contends that he is entitled to summary judgment on this claim because, *inter alia*, this claim is not cognizable in a § 2254 petition. (See Dkt. No. 14 at 11-12, 16.) In Ground Two, Petitioner makes a related claim, asserting that trial counsel was ineffective in failing to request a charge on the law of accessory after the fact. (Dkt. No. 1 at 7 of 17.) Respondent asserts he is entitled to summary judgment on Ground Two because he failed to meet the standard set forth in § 2254(d). (See Dkt. No. 14 at 16.)

In Ground One, Petitioner is not claiming the state court decision was based on an unreasonable determination of the facts. Therefore, to warrant federal habeas relief, the state court decision must be "contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "It is black letter law that a federal court may grant habeas relief 'only

10

on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) (quoting 28 U.S.C. § 2254(a)). Indeed, in Smith v. Moore, 137 F.3d 808, 821-22 (4th Cir. 1998), the Fourth Circuit refused to entertain a § 2254 petitioner's claim that a jury instruction misstated South Carolina law. Thus, the "fact that [a jury] instruction was allegedly incorrect under state law is not a basis for habeas relief." Estelle v. McGuire, 502 U.S. 62, 71-72 (1991). An error of state law warrants federal habeas relief only where it rendered the proceedings so fundamentally unfair that it resulted in a denial of due process. Id. at 72-73; see also Smith v. Stevenson, C/A No. 6:09-456-MBS, 2010 WL 1257510, at *8 (D.S.C. Mar. 24, 2010).

The undersigned recommends granting summary judgment to Respondent on Ground One. As a preliminary matter, it appears this ground is based entirely on an alleged error of state law, which is generally not cognizable on federal habeas review. In any event, however, the claim also fails on the merits. As the PCR judge noted in his order, a person is guilty, pursuant to South Carolina law, of burglary in the first degree

> if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either:
> (1) when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime:
>     (a) is armed with a deadly weapon or explosive; or
>     (b) causes physical injury to a person who is not a participant in the crime; or
>     (c) uses or threatens the use of a dangerous instrument; or
>     (d) displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or
> (2) the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or
> (3) the entering or remaining occurs in the nighttime.

S.C. CODE ANN. § 16-11-311. The trial judge properly instructed the jury on the elements of burglary in the first degree, and he also instructed the jurors that "one who is charged with

the commission of a crime may be convicted as a principal or as an accomplice." (See Dkt. No. 14-1 at 192-96 of 316.) The charge further reads:

> An accomplice is one who knowingly and voluntarily and with common intent with another unites with that other person in the commission of a crime.
> You are instructed that two or more people who act together with a common intent and purpose where they combine, conspire, plan or otherwise agree to the commission of a crime, each person who is present to aid, abet, assist or otherwise participate in the crime is equally guilty, and equally guilty with all others participating.
> The act of one is deemed to be the act of all, or the hand of one is deemed to be the hand of all. Any person who joins with another or others to accomplish an illegal purpose is held to be criminally responsible for everything done by any other person in furtherance of that agreement. . . .
> In order to be guilty as an accomplice in the commission of a crime one must be actually or constructively present at the scene of the crime with the intention of aiding, abetting, assisting and participating in the commission of that crime and the crime be completed.

(Id. at 196-97.)

Approximately one hour after the jury began deliberating, the jury requested clarification. (See id. at 205.) The judge re-charged the law on accomplice liability and further stated,

> Now, I will say you have indicated some question about accessories after the fact. Understand that accessories to a crime generally are not present at the time that a crime is committed.
> They may provide help before or after, but they are not participating in the crime at the time that it is committed. But, now, in this case the defendant is not charged with being an accessory before or after the fact. He is charged with the commission of the crime of burglary as a principal and/or as an aider or abetter, that is as an accomplice.

(Id. at 208.) Shortly thereafter, the jury returned a guilty verdict. (Id. at 210.)

As the PCR judge noted, before an accused may be found guilty of accessory after the fact of a felony, the following elements must exist: "(1) the felony has been completed; (2) the accused must have knowledge that the principal committed the felony; and (3) the accused must harbor or assist the principal felon." State v. Legette, 285 S.C. 465, 466, 330

12

S.E.2d 293, 294 (1985). The PCR court found that "Accessory After the Fact is not a lesser included offense of Burglary, first degree" because the three elements of accessory after the fact "are not included in burglary." (Dkt. No. 14-1 at 279-80 of 316.)

The test for determining when a crime is a lesser included offense of the crime charged "is whether the greater of the two offenses includes all the elements of the lesser included offense." State v. Suttles, 279 S.C. 87, 88, 302 S.E.2d 338, 338 (1983) (citing State v. Fennell, 263 S.C. 216, 209 S.E.2d 433 (1974)). "A lesser included offense requires no proof beyond that which is required for conviction of the greater offense." State v. Dobson, 279 S.C. 551, 553, 309 S.E.2d 752, 753 (1983) (citing Brown v. Ohio, 432 U.S. 161 (1977)). The crime of burglary in the first degree does not include all the elements of accessory after the fact. In his Response in Opposition, Petitioner appears to concede that accessory after the fact is not a lesser included offense of burglary, first degree. (See Dkt. No. 18 at 9 of 20.) He contends, however, that the trial judge should have charged the jury on accessory after the fact anyway because the "evidence presented at trial . . . clearly would of [sic] supported a jury charge of accessory after the fact." (Id.) There was no error sufficient to meet the standard set forth in § 2254. See State v. Cross, 323 S.C. 41, 44, 448 S.E.2d 569, 570 (Ct. App. 1994) (no error in failure to charge statutory trespass because it was not a lesser included offense of burglary); cf. State v. Tyndall, 336 S.C. 8, 21, 518 S.E.2d 278, 285 (Ct. App. 1999) ("Upon indictment for a **greater offense**, a trial court has subject matter jurisdiction to convict a defendant for **any lesser included offense**. A **lesser included offense instruction** is required only when the evidence warrants such an instruction . . .

." (emphasis added)).[4] The undersigned therefore recommends granting summary judgment to Respondent on Ground One.

Ground Two is related to Ground One. In Ground Two, Petitioner asserts that trial counsel was ineffective in failing to request a charge on the law of accessory after the fact. (Dkt. No. 1 at 7 of 17.) Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[4]Within his discussion of Ground Two, Petitioner cites State v. Good, 315 S.C. 135, 138, 432 S.E.2d 463, 465 (1993), and quotes the following passage:
> If accessory after the fact is not charged in the indictment, but is instructed to clarify mere presence, a finding of accessory after the fact is the equivalent to a finding of not guilty. The real impact of the instruction is that it permits the jury to reach a compromise verdict on a non-charged offense.

(See Dkt. No. 18 at 13-14 of 20.) This passage continues as follows:
> Moreover, to require an accessory instruction on these facts opens the door for every criminal defendant to create a quasi lesser-included offense for which they could not be convicted.

Good, 315 S.C. at 138, 432 S.E.2d at 465. It is unclear how these passages support Petitioner's claims for relief. Petitioner was not tried for accessory after the fact–he was indicted and tried on the charge of burglary, first degree. As the Court notes in Good, an accessory instruction could "permit[] the jury to reach a compromise verdict on a non-charged offense." Id. at 138, 432 S.E.2d at 465.

14

proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id.

The PCR court rejected this claim of ineffective assistance of counsel, first concluding that accessory after the fact is not a lesser included offense of burglary, first degree. (See Dkt. No. 14-1 at 279-80 of 316.) The PCR court further found that Petitioner "has not proven that he was prejudiced by any alleged acts of ineffective assistance of counsel." (Id. at 280.) The PCR court order states,

> This Court notes that trial judge distinguished the roles of the principal and the accomplice in the jury charge and the distinction between Accessory After and Accomplices. (Tr. p. 203, line 19 – p. 206, line 16.) The jury still came back with a verdict of guilty. Therefore, the jury believed that the State proved every element of Burglary and that the Applicant was guilty of the greater crime. If the jury had not thought the State had proved their burden on the burglary, they would not have convicted him.

(Id.)

The undersigned recommends granting summary judgment to Respondent on Ground Two. As discussed above, accessory after the fact is not a lesser included offense of burglary, first degree. Counsel's failure to request an accessory after the fact charge was therefore not deficient or prejudicial. In fact, as noted by the PCR judge, the trial judge *did* provide some instruction to the jury on the law of accessory after the fact, and instead of finding Petitioner not guilty, the jury returned a verdict of guilty. In light of these undisputed facts, the undersigned recommends granting summary judgment to Respondent because Petitioner has not shown that the state court decision (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d).

**B. Ground Three**

In Ground Three, Petitioner alleges a "Sixth and Fourteenth Amendment violation" without further explanation. (See Dkt. No. 1 at 8 of 17.) Respondent contends that he is entitled to summary judgment on Ground Three because Ground Three is procedurally defaulted and "too vague to warrant relief." (Dkt. No. 14 at 12, 22.)

The undersigned agrees with Respondent. Conclusory statements without specific factual allegations do not warrant habeas relief. See Rule 2(c) of the Rules Governing Section 2254 and 2255 cases ("The petition must . . . state the facts supporting each ground . . . ."); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), *abrogated on other grounds by* Yeatts v. Angelone, 166 F.3d 255 (4th Cir.1999); see also Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir.1987) (stating that "a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim" and conclusory statements are insufficient).

In any event, it is clear that Petitioner failed to raise this claim in his PCR appeal; Ground Three is therefore procedurally defaulted. See Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004) (concluding that certain grounds are "procedurally defaulted as a result of [the petitioner's] failure to raise them in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision). In his Response in Opposition, Petitioner states that his direct appeal "does not comport with fair procedure and equality . . . under the Fourteenth Amendment." (Dkt. No. 18 at 15 of 20.) He appears to contend that his appellate counsel was ineffective for failing to raise several issues on direct appeal. (Id. at 16-18.) Appellate counsel's alleged ineffectiveness does not, on these facts, show cause and prejudice to excuse the default. The default Respondent raises in his motion did not occur on direct appeal but instead occurred when the Petitioner failed to raise

16

the issue in his appeal of the PCR court's decision. The undersigned thus recommends granting summary judgment to Respondent on Ground Three.

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 15) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

March 26, 2012
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).